UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                            )<br>)<br>RONALD TILLEY,                            )<br>)<br>           Defendant.                          ) | 1:19-cr-00086-LEW |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**
**AND MOTION TO APPOINT COUNSEL**

On October 19, 2021, I sentenced Defendant Ronald Tilley to a 52-month term of imprisonment following his guilty plea to a charge of bank robbery. On March 4, 2022, Mr. Tilley filed a letter with the Court requesting compassionate release based on his cirrhosis of the liver. Def.'s Mot. Red. Sent. (ECF No. 74).[1] Mr. Tilley also asks that I appoint counsel to represent him in support of his request for compassionate release. Def.'s Mot. Appoint Counsel (ECF No. 75).

To start, Mr. Tilley is not entitled to counsel on this matter. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), including a motion for a reduced sentence, *see United States v. Gutierrez*, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D. Mass. Apr. 3, 2020). Instead, "the appointment of counsel [on a post-conviction motion] must rest in the discretion of the court." *Dirring*

---

[1] I note at the outset that Mr. Tilley's motion is procedurally proper. The warden of Mr. Tilley's facility received Mr. Tilley's request for release on January 25, 2022, *see* Def.'s Mot. Red. Sent. 7, and Mr. Tilley filed the instant motions on March 4, 2022, thereby satisfying the 30-day waiting requirement for such requests. *See* 18 U.S.C. § 3582(c)(1)(A).

*v. United States*, 353 F.2d 519, 520 (1st Cir. 1965). When determining whether an indigent defendant is entitled to counsel on a post-conviction motion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context. *See, e.g.*, *United States v. Pinkham*, No. 2:15-CR-00128-JDL, 2020 WL 7753968, at *2 (D. Me. Dec. 29, 2020) (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). This test asks whether the defendant has "a fair likelihood of success on" his claim, whether the issues raised are "factually complex and legally intricate," and whether "the facts are largely undeveloped." *Mala*, 7 F.3d at 1063–64. Mr. Tilley's motion rests on a single set of facts—his cirrhosis diagnosis and prognosis—which are adequately developed and on which Mr. Tilley has access to all relevant information. And whether he ultimately is entitled to a reduced sentence turns not on arcane legal tests, but on the straightforward normative determination of whether the hardship that Mr. Tilley faces outweighs the harms to society—both concrete and abstract—of cutting short his sentence of incarceration so soon after it was imposed. *See* 18 U.S.C. § 3582(c)(1)(A) (articulating standard for compassionate release). Consequently, Mr. Tilley has not shown that he is entitled to a court-appointed attorney.

      Nor is he entitled to a reduced sentence. A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). Here, 18 U.S.C. § 3582(c)(1)(A) authorizes me to reduce Mr. Tilley's sentence if "extraordinary and compelling reasons warrant" such a

reduction when considered in light of the general sentencing factors set forth in 18 U.S.C. § 3553(a).[2] *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Tilley does not meet this standard. For one, he has not shown that his cirrhosis diagnosis compels his release. While cirrhosis certainly poses a serious threat to Mr. Tilley's health that requires active treatment, there is no indication that he is currently experiencing any symptoms of the disease, that the disease has progressed to such a stage that he faces an imminent risk of death, or that imprisonment has impeded his access to appropriate care. *See* Def.'s Mot. Red. Sent. 2. The life expectancy for patients diagnosed with cirrhosis varies, and most patients live substantially longer than the time remaining in Mr. Tilley's sentence; in Mr. Tilley's case, the disease appears just to have been discovered. For this reason, while courts sometimes recognize that a "cirrhosis diagnosis . . . weighs in favor of release," *United States v. Cain*, No. 1:16-CR-00103-JAW, 2021 WL 2269974, at *6 (D. Me. June 3, 2021), they routinely deny compassionate release requests for defendants with cirrhosis diagnoses absent other compelling factors, *see, e.g.*, *United States v. Bartelho*, No. 2:95-CR-29-DBH, 2021 WL 3272197, at *1 (D. Me. July 30, 2021) (denying motion for compassionate release where defendant's "biopsy revealed clinical diagnoses of early stage cirrhosis").

A reduced sentence is also inappropriate in light of the sentencing factors laid out in § 3553(a). Mr. Tilley's extensive criminal history suggests a risk of recidivism if he were

---

[2] On its face, 18 U.S.C. § 3582 appears to require that I find that a reduced sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, the First Circuit recently clarified that, as none of the Sentencing Commission's existing policy statements apply to prisoner-initiated motions for compassionate release, I need not consider any such statements in adjudicating motions such as Mr. Tilley's. *See United States v. Ruvalcaba*, 26 F.4th 14, 21 (1st Cir. 2022).

to be released early, a prospect made more troublesome by the violent nature of the instant offense and of several of Mr. Tilley's past offenses. Lastly, releasing Mr. Tilley now—less than five months after his sentencing—would be incongruous with the seriousness of Mr. Tilley's offense. Thus, after reviewing the multi-factor matrix of considerations in 18 U.S.C. §§ 3582(c)(1)(A) and 3553(a), I find that Mr. Tilley is not entitled to compassionate release.

Mr. Tilley's requests for compassionate release and appointment of counsel are DENIED.

**SO ORDERED.**

Dated this 29th day of March, 2022.

                                           /s/ Lance E. Walker
                                           UNITED STATES DISTRICT JUDGE