UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RONALD TILLEY, ) | 1:19-CR-00086-LEW |
| ) | |
| Defendant ) | |

## ORDER

This matter is before the Court on Defendant Ronald Tilley's Motion to Modify Conditions of Release (ECF No. 77), Petition for Injunctive Relief (ECF No. 85), and Motions to Appoint Counsel (ECF Nos. 78 & 86). These Motions are denied.

## BACKGROUND

In 2021, Mr. Tilley was sentenced to a 52-month term of imprisonment following a guilty plea to a charge of bank robbery. Mr. Tilley filed a Motion to Modify Conditions of Release (ECF No. 77) requesting that the Court remove any terms that require him to register as a sex offender. In addition, Mr. Tilley filed a Motion to Appoint Counsel (ECF No. 78) to present the modification issue to the Court. Mr. Tilley subsequently filed a Petition for Injunctive Relief (ECF No. 85) regarding his requirement to register as a sex offender. Mr. Tilley also filed a second Motion to Appoint Counsel (ECF No. 86) for this issue. Mr. Tilley has now been released from incarceration and must follow the agreed to conditions of release.

## DISCUSSION

"There is no right to counsel in postconviction proceedings[.]" *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019).  The appointment of counsel for postconviction matters instead rests within the discretion of the court.  *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965).  To determine whether or not appointment of counsel is appropriate for postconviction matters, courts often look to whether, inter alia, the defendant has "a fair likelihood of success on" his claim.  *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993).  For reasons discussed below, there is no likelihood of success on this claim.

The relief that Mr. Tilley seeks revolves completely around him being required to register as a sex offender.[1]  After conferring with the Bureau of Prisons, the U.S. Probation Office for the District of Maine, and the Maine Sex Offender Registry, the Government has clarified that "there is nothing in the defendant's conditions of supervised release requiring him to register as a sex offender."  Gov't Resp. re. Supervised Release at 1 (ECF No. 81).  Additionally, the Maine Sex Offender Registry informed the U.S. Probation Office "that the defendant is not required to register as a sex offender because he has not previously been convicted of a sex offense."  Gov't Resp. re. Injunctive Relief at 1 (ECF No. 95).  Because Mr. Tilley does not have to register as a sex offender, his request to be relieved of that obligation is moot.

## CONCLUSION

---

[1] Mr. Tilley also makes requests for compensatory and punitive damages for deprivations to his civil liberties, but he does not clarify whom he is seeking damages from.  In any event, it is not apparent that anyone has violated his rights and this Court does not award damages to defendants based on motions filed in criminal cases.

Plaintiff's Motions (ECF Nos. 77, 78, 85, & 86) are DENIED because the issue is moot.

SO ORDERED.

Dated this 13th day of January, 2023.

                                          /s/ Lance E. Walker
                                          UNITED STATES DISTRICT JUDGE